IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN RAMIREZ,<br><br>    Plaintiff,<br><br> v.<br><br>WARDEN SPEARMAN, et al.,<br><br>    Defendants. | No. C 15-02469 EJD (PR)<br><br>ORDER OF PARTIAL SERVICE; DISMISSING CLAIMS WITH LEAVE TO AMEND; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

Plaintiff, a state prisoner at California Training Facility ("CTF") in Soledad, California, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983, against CTF prison officials. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

Order of Partial Service
P:\PRO-SE\EJD\CR.15\02469Ramirez_partial svc.wpd

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.  Plaintiff's Claims**

According to the complaint, on July 14, 2014, Plaintiff was summoned by Correctional Officer Abanico for a random urine test, his second urine test within a two-week period. (Docket Nos. 1 at 3 and 1-1 at 3.) Officer Abanico ordered Plaintiff to strip naked, bend, and cough. (Docket No. 1 at 3.) Officer Abanico had Plaintiff stay bent for several minutes. (Id.) During this time, Officer Abanico stared at Plaintiff; looked Plaintiff up and down; and behaved in an aggressive and malicious manner. (Docket Nos. 1 at 3 and 1-1 at 3.) Officer Abanico's actions made Plaintiff feel humiliated. (Docket No. 1-1 at 3.) Officer Abanico also failed to provide Plaintiff with disposable gloves after Plaintiff was searched for contaminants, and failed to have a witness present during the urine test, in violation of prison protocol. (Docket No. 1 at 3.)

On July 31, 2014, Plaintiff filed a 602 appeal alleging that Abanico had sexually harassed him while under the supervision of Warden Spearman. (Docket No 1 at 3.) Plaintiff alleges that Captain D. Artis denied his appeal in a biased manner. (Id.)

In the instant § 1983 action, Plaintiff claims that his civil rights were violated in the following ways: Officer Abanico sexually harassed him during the urine test; Warden Spearman failed to intervene; and Captain Artis was biased for allowing Officer Abanico to act in a malicious manner and with disregard for Plaintiff's rights.

Order of Partial Service
P:\PRO-SE\EJD\CR.15\02469Ramirez_partial svc.wpd      2

1 Plaintiff also brings suit against Captain Generald A. Ellis.  (Compl. at 3.)

2 **C.    Analysis**

A prisoner may state an Eighth Amendment claim under § 1983 for sexual harassment if the alleged sexual harassment was sufficiently harmful, i.e., a departure from "the evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner.  See Thomas v. District of Columbia, 887 F. Supp. 1, 3–4 (D.D.C. 1995) (internal quotations and citation omitted). Sexual assault, coercion and harassment certainly may violate contemporary standards of decency and cause physical and psychological harm, see Jordan v. Gardner, 986 F.2d 1521, 1525–31 (9th Cir. 1993) (en banc).  Liberally construed, Plaintiff states a cognizable Eighth Amendment claim under § 1983 for sexual harassment against Officer Abanico.

However, Plaintiff fails to state a claim against Warden Spearman, Captain Artis, or Captain Generald A. Ellis.  None of these defendants were directly involved in, or present during, Officer Abanico's alleged sexual assault of Plaintiff.

There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee.  See Board of Cty. Commission of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997).  As to supervisors, a supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  See Henry A. v. Willden, 678 F.3d 991, 1003–04 (9th Cir. 2012).  The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  Id. at 634.

The sole allegation against Warden Spearman is that he "fail[ed] to intervene."

United States District Court
For the Northern District of California

(Compl. at 3.) There is no indication that Warden Spearman knew about the sexual harassment, much less that he was forewarned about it or present during it. In other words, there is no casual connection between Warden Spearman and Abanico's sexual harassment. Plaintiff has therefore failed to state a cognizable § 1983 claim against Warden Spearman. See Leer, 844 F.2d at 633. Accordingly, Plaintiff's claim against Warden Spearman is DISMISSED with leave to amend, if Plaintiff can truthfully allege facts that would cure the identified deficiency. See, e.g., McQuillion v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.").

The sole allegation against Captain Artis is that he reviewed and denied Plaintiff's grievance regarding Abanico's sexual assault. The allegation that a defendant was involved in reviewing and denying an inmate's grievance cannot serve as the sole basis for liability under § 1983. See, e.g., Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (denying claim of loss of a liberty interest in processing of inmate appeal because inmates lack a separate constitutional entitlement to a specific prison grievance procedure). However, if the prison official who denied a prisoner's appeals had the authority and opportunity to prevent an ongoing constitutional violation, the prisoner may be able to establish liability by alleging that the prison official knew about an existing or impending violation and failed to prevent it. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (supervisory official liable under § 1983 if he knew of a violation and failed to act to prevent it). Plaintiff does not allege that Captain Artis knew of an ongoing or impending violation and failed to prevent it. Therefore, Plaintiff's claim against Captain Artis is DISMISSED with leave to amend if Plaintiff can truthfully allege facts that would cure the identified deficiency.

There is no allegation against Captain Ellis, just a sentence fragment, "And Capt. Generald A. Ellis." (Compl. at 3.) Plaintiff has failed to provide a "short and plain statement of the claim [against Captain Ellis] showing that [Plaintiff] is entitled to

relief," as required by Rule 8(a) of the Federal Rules of Civil Procedure 8(a).  See Fed. R. Civ. P. 8(a)(2).  Therefore, Plaintiff's claim against Captain Ellis is DISMISSED with leave to amend if Plaintiff can truthfully allege facts that would state a cognizable § 1983 claim against Captain Ellis.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1.  Plaintiff has stated a cognizable Eighth Amendment claim against Officer Abanico.  Plaintiff's claims against Warden Spearman, Captain Artis, or Captain Generall A. Ellis are DISMISSED with leave to amend.

2.  If Plaintiff wishes to amend his claims against Warden Spearman, Captain Artis, or Captain Generall A. Ellis, he must file an amended complaint **within thirty (30) days** from the date this order is filed.  The amended complaint must include the caption and civil case number used in this order (15-02469 EJD (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  **An amended complaint completely replaces the previous complaints.**  Plaintiff must therefore include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, including the Eighth Amendment claim which the Court has already found cognizable.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaint by reference.  Claims and defendants not included in the First Amended Complaint will not be considered by the Court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  The amended complaint must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have violated Plaintiff's federally-protected rights.  See Fed. R. Civ. P. 8(a)(2).

**Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile.  The action will therefore proceed only on the cognizable claim identified above.**

The Clerk of the Court is directed to send Plaintiff a blank civil rights complaint

form with his copy of this Order.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendant Abanico** at the **Correctional Training Facility** (P.O. Box 686 Soledad, CA 93960-0686). The Clerk shall also mail a copy of this Order to Plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

5. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. If Defendants elect to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.

1 § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to
2 Wyatt v. Terhune, 315 F.3d 1108, 1119–20 (9th Cir. 2003), cert. denied Alameida v.
3 Terhune, 540 U.S. 810 (2003).  **The Ninth Circuit has held that Plaintiff must be**
4 **provided with the appropriate warning and notice under Wyatt concurrently with**
5 **Defendants' motion to dismiss.  See Woods v. Carey, 684 F.3d 934, 940 (9th Cir.**
6 **2012).**

7       b.     Any motion for summary judgment shall be supported by adequate
8 factual documentation and shall conform in all respects to Rule 56 of the Federal Rules
9 of Civil Procedure.  Defendants are advised that summary judgment cannot be granted,
10 nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the
11 opinion that this case cannot be resolved by summary judgment, he shall so inform the
12 Court prior to the date the summary judgment motion is due.

13     6.     Plaintiff's opposition to the dispositive motion shall be filed with the
14 Court and served on Defendants no later than **twenty-eight (28) days** from the date
15 Defendants' motion is filed.

16       a.     **In the event Defendants file a motion for summary judgment,**
17 **the Ninth Circuit has held that Plaintiff must be concurrently provided the**
18 **appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998)**
19 **(en banc).  See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

20     Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure
21 and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary
22 judgment must come forward with evidence showing triable issues of material fact on
23 every essential element of his claim).  Plaintiff is cautioned that failure to file an
24 opposition to Defendants' motion for summary judgment may be deemed to be a
25 consent by Plaintiff to the granting of the motion, and granting of judgment against
26 Plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per
27 curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

28     7.     Defendants shall file a reply brief no later than **fourteen (14) days** after

Plaintiff's opposition is filed.

8. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

10. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

11. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED: 7/1/2015

EDWARD J. DAVILA
United States District Judge